IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CHADDLAR GOING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| WAL-MART STORES EAST, LP. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Chaddlar Going, by counsel Thomas Shumaker of the law firm Ernest Law Group, PLC, brings this employment discrimination action against his former employer Defendant Wal-Mart Stores East, LP.

## INTRODUCTION

1. This is a civil rights action for discriminatory termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), to correct unlawful employment practices on the basis of race to vindicate Mr. Going's rights and to make him whole. Mr. Going seeks declaratory and injunctive relief, damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3).

3. This Court has personal jurisdiction over Defendant because it performed the acts and omissions complained of within this District.

4. Pursuant to 28 U.S.C. § 1391(b) and Local Rule 3(c), venue is proper in the Eastern District of Virginia, Norfolk Division because: Defendant Wal-Mart employed Plaintiff in this District and Division; and the Defendant's unlawful employment practices alleged herein, which give rise to Plaintiff's claims, occurred in this District and Division.

## ADMINISTRATIVE PROCEEDINGS

5. Mr. Going filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") encompassing the discriminatory conduct that is the subject of this Complaint.

6. Mr. Going received a Notice of Right to Sue from the EEOC on or about May 8, 2021, which is within 90 days of filing this Complaint, and he has fulfilled all administrative prerequisites to the prosecution of his claims in this Court. Said notice is attached hereto and incorporated herein as Exhibit A.

## THE PARTIES

7. Plaintiff is an adult who currently resides in Florida and who resided in Chesapeake Virginia during all times that were relevant to this lawsuit.

8. Defendant Wal-Mart Stores East, LP. ("Wal-Mart") is Corporation doing business in the Commonwealth of Virginia and headquartered at 702 SW 8th St., Bentonville, AR, 72716.

## STATEMENT OF FACTS

9. Plaintiff is a White male who worked for Wal-Mart as the store manager of Defendant's store #3156, which is located in Hampton, Virginia.

10. During all relevant times, Plaintiff met Defendant's legitimate expectations.

11. Defendant Wal-Mart is a corporation that owns and operates thousands of general merchandise stores.

12. At all times relevant herein, Wal-Mart operated a business that was engaged in an industry affecting commerce and employed more than nine thousand employees.

13. Wal-Mart employed Going from 1991 to 2004 and from 2007 until June 12, 2020.

14. On or about June 7, 2020, Going, as part of his duties as Defendant's local store manager, terminated the employment of Wal-Mart Associate D.P. and instructed Mr. D.P. to leave the store.

15. D.P. is a black male.

16. After learning he was fired, D.P. reacted in a violent and dangerous manner.

17. D.P. began pulling merchandise off shelves.

18. A Wal-Mart Associate, Mr. G.M., approached D.P. while D.P. was still in the store.

19. G.M. is a White male.

20. D.P. then grabbed G.M.'s face and shoved him.

21. D.P. started throwing produce and knocking over displays.

22. While still in the store, D.P. threatened Wal-Mart's customers.

23. D.P. also pushed Mr. Going to the ground while still in the store.

24. Mr. Going was injured as a result of being pushed to the ground by D.P.

25. D.P. then finally exited the store.

26. After D.P. exited the store, he attempted to come back inside.

27. Three Wal-Mart employees then attempted to and eventually did restrain D.P. to the floor:  a) G.M.; b) Mr. Going; and c) W.R.

28. W.R. is a Black male.

29. At approximately 11 p.m. on the night of the incident, Mr. Going's supervisor called and informed Mr. Going that he was suspended pending an investigation.

30. On June 9, 2020, Wal-Mart concluded its investigation.

31. On June 12, 2020, Wal-Mart fired Going and G.M., purportedly for violating the company's Violence-Free Workplace Policy.

32. Wal-Mart did not fire W.R.

33. W.R. engaged in similar conduct as Mr. Going without materially differentiating or mitigating circumstances that would distinguish his conduct from Mr. Going's conduct.

34. Mr. Going's race was a motivating factor in his termination.

## COUNT I
### Race Discrimination v. Wal-Mart in Violation of Title VII

35. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

36. Wal-Mart's firing of Going constituted discrimination on account of race because, among other reasons, W.R. was treated more favorably.

37. As a result of Wal-Mart's firing of Plaintiff, he has suffered monetary damages, as well as emotional distress, inconvenience, humiliation, and other indignities, as well as attorneys' fees and costs.

38. As such, Mr. Going is entitled to equitable as well as monetary relief from Wal-Mart for its violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and asks that this Court grant the following relief:

A. A permanent injunction enjoining Defendant Wal-Mart from continuing to maintain its illegal policy, practice or custom of discrimination against employees and ordering it to promulgate an effective policy against such unlawful acts and to adhere thereto:

B. Defendant Wal-Mart is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for emotional distress or other monetary/compensatory damages he suffered and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Wal-Mart's illegal actions, including but not limited to past lost earnings, future lost earnings, and medical and other benefits.

C. In the event a jury finds Defendant's actions was intentional or otherwise warrant punitive damages, than an amount to be determined by the jury appropriate to punish Defendant and deter Defendant or others from engaging is such misconduct in the future;

D. Attorney's fees and costs in this matter;

E. Post-judgment interest at the highest applicable legal or statutory rate; and

F. Such other further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein and so triable.

Date:  August 3, 2021                          Respectfully Submitted

/s/ *Thomas Shumaker*
Thomas A. Shumaker II (Va. Bar No. 72039)
ERNEST LAW GROUP, PLC
505 South Independence Boulevard, Suite 103
Virginia Beach, Virginia 23452
Phone: (757) 289-2499
Fax: (757) 277-0265
tshumaker@ernestlawgroup.net

*Attorney for Plaintiff*